UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JULIANA LU,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JAPAN,<br><br>　　　　Defendant. | Case No. 2:20-cv-00431-JAD-EJY<br><br>**ORDER ADOPTING REPORT and RECOMMENDATION Re: ORDER TO SHOW CAUSE**<br><br>ECF No. 32 |

**On October 4, 2022, the Magistrate Judge entered this Report and Recommendation:**

　　　　On August 11, 2020, the Court entered an Order granting Plaintiff thirty (30) calendar days to commence service process on Defendant in accordance with the Hague Service Convention. ECF No. 17. The Court further ordered Plaintiff to file a status report with the Court no later than September 14, 2020, identifying each step taken to effect such service. *Id*. On August 28, 2020, Plaintiff filed a status report stating that a package sent by the process service she engaged was delivered to Japan on July 20, 2020. ECF No. 18. On September 8, 2020, Plaintiff filed a second status report attaching an affidavit signed by the President of Judicial Process and Support, Inc. (the "Company") stating that as of September 4, 2020, the Company had "not received the affidavit of service or any update on service of process from The Central Authority of Japan." ECF No. 19 at 2. The affidavit further stated that service of process under The Hague Convention could take six to twelve months. *Id.*

　　　　On October 5, 2020, Plaintiff filed a letter from the Consulate General of Japan. ECF No. 20. The letter states that the Consulate received instructions from the Ministry of Foreign Affairs for Japan to return service because compliance with service "is deemed to infringe upon Japan's sovereignty under Article 13(I) of [the] Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters." *Id.*

　　　　Thereafter, Plaintiff filed a series of documents including: two status reports (ECF Nos. 22 and 23); a Motion for Default Judgment (ECF No. 24); a Violations of Article 26 of United Nations (ECF No. 26); a document titled "No Response from Defendant Japan" (ECF No. 27); a Transfer of

Mizuho Bank (ECF No. 28); a document titled "Court's Judgment of Default" (ECF No. 29); and a document titled "Re Over Million of Deaths Due to Defendant's Action" (ECF No. 30). However, as of the date of this Report and Recommendation, Plaintiff has not served Defendant and the Court finds, based on the letter from the Consulate General of Japan (ECF No. 20), any attempt at service would fail. That is, to the extent the Consulate General of Japan responded to Plaintiff's attempt to serve, that response asserted sovereign immunity from Plaintiff's claims. Plaintiff provides nothing to refute this assertion.

In addition to Plaintiff's failure to serve Defendant, the Court considers that "[a] trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim ...." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) *quoting Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1357 at 593 (1969)). "The court must give notice of its intention to dismiss and give the plaintiff some opportunity to respond unless the '[p]laintiffs cannot possibly win relief.'" *Id. citing Wong*, 642 F.2d at 362. A review of Plaintiff's Complaint reveals the assertions therein are indecipherable and frivolous. Plaintiff does not state sufficient facts to state a theory of relief let alone a cognizable legal theory upon which relief may be granted. These failures also support dismissal. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

### Recommendation

Accordingly, and based on the foregoing demonstrating a failure and inability to effect service, and the Court's finding that Plaintiff cannot possibly win relief based on the assertions made, IT IS HEREBY RECOMMENDED that Plaintiff be Ordered to Show Cause in writing, no later than **November 4, 2022**, why her Complaint should not be dismissed with prejudice.

DATED THIS 4th day of October, 2022.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The deadline for any party to object to this recommendation was October 18, 2022, and no party filed anything or asked to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." Having reviewed the report and recommendation, I find good cause to adopt it, and I do.

IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No. 32] is ADOPTED** in its entirety. **Plaintiff Juliana Lu must show cause in writing by November 4, 2022, why this case should not be dismissed with prejudice. Failure to properly respond to this order will result in dismissal without further prior notice.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: October 20, 2022