UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| Juliana Lu, | Case No.: 2:20-cv-00431-JAD-EJY |
|---|---|
| Plaintiff | **Order Dismissing Case** |
| v. | |
| Japan, | |
| Defendant | |

In 2020, Juliana Lu filed this action against Japan, alleging that she owns notes, bonds, bills, and stocks that have not been issued by Japan.[1] On August 11, 2020, Lu was granted 30 days to serve Japan in accordance with the Hague Service Convention.[2] On October 5, 2020, the Consulate General of Japan responded to Lu's attempt to serve, asserting sovereign immunity.[3]

Two years later, the magistrate judge issued a report and recommendation noting that Lu had not yet served the defendant and finding that Lu failed to state any claim for relief.[4] I adopted this recommendation and ordered Lu to show cause by November 4, 2022, why this case should not be dismissed for failure to serve and warned that failure to do so would result in dismissal.[5] Lu responded to this order with four filings that included Wikipedia links, YouTube videos, screenshots of text messages, news clippings, and letters purporting to support her claims.[6] Unfortunately for Lu, none of these filings addresses—let alone cures—the

---

[1] ECF No. 1.
[2] ECF No. 17 at 2.
[3] ECF No. 20 at 1.
[4] ECF No. 32.
[5] ECF No. 33 at 3.
[6] ECF No. 34; ECF No. 36; ECF No. 38; ECF No. 42.

fundamental problems of lack of service or the indecipherable and frivolous nature of her complaint. So Lu has failed to show that this case should not be dismissed.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[7] A court may dismiss an action based on a party's failure to obey a court order or comply with local rules.[8] In determining whether to dismiss an action on this ground, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[9]

Having thoroughly weighed these dismissal factors, I find that they weigh in favor of dismissal. This case has been pending for more than two years and the defendant has not been served. Despite opportunity to do so, Lu remains unable to demonstrate why the case should not be dismissed or refute the Consulate General of Japan's assertion of sovereign immunity. As an additional cause for dismissal, Lu's complaint contains "indecipherable and frivolous"[10] assertions that lack sufficient facts to state a cognizable claim upon which relief may be granted.[11]

---

[7] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[8] *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[9] *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

[10] ECF No. 32 at 2.

[11] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) ("Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.").

**Conclusion**

IT IS THEREFORE ORDERED that this case is **DISMISSED with prejudice**. The **Clerk of Court is instructed to ENTER JUDGMENT accordingly** and **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
November 29, 2022